IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-190-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| SAMUEL MONTES SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer with the Fayetteville Police Department on an ATF task force, and defendant the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was indicted on 16 June 2010 for possession of a firearm (*i.e.*, a .38 caliber revolver) and ammunition by a felon on or about 16 September 2009 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from a traffic stop of defendant on the alleged offense date. Defendant, who had multiple felony convictions, was found to have on his person the subject .38 caliber revolver. In the car he was

driving, the police found thirteen rounds of .38 caliber ammunition, more than twenty grams of marijuana, a marijuana blunt, thirty grams of a mushroom narcotic, baggies that could be used for drug distribution, four cell phones, and $380.00. On 10 June 2010, defendant pled guilty to a state felony charge of possession of a firearm by a felon, and two felony and two misdemeanor drug charges arising from the events of 16 September 2009. He was sentenced to three years' probation.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun- and drug-related nature of the offense charged; the circumstances of the offense charged, including the apparent possession of the firearm and ammunition in connection with drug trafficking; defendant's criminal record, including three felony drug convictions, two misdemeanor drug convictions, three additional felony and one additional misdemeanor conviction, one probation revocation, commission of an offense while on probation, use of alias identifiers, and nineteen failures to appear; defendant's history of substance abuse, although he claims to be in remission; the substantial prison term defendant could face if convicted; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger presented by defendant, and the proposed custodian's absence from the home for eight hours six days a week for work and her unfamiliarity with defendant's criminal record; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, defendant introduced a letter from a temporary agency stating that defendant's listing was still active and characterized it as proof that defendant

would have a job if released. But continued listing with a temporary agency would not appear to be equivalent to actual employment. Defendant's record of actual employment is checkered.

In addition, defendant pointed out that if released he would be under state supervision as well as federal supervision due to the probationary sentence he received on the state charges arising from the instant offense conduct. No showing was made, however, that the risks of flight and danger presented by defendant would be materially reduced by having two probation offices supervising him, especially in light of the magnitude of these risks.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 25th day of June 2010.

James E. Gates
United States Magistrate Judge